McFarland, J.,
delivered the opinion of the Court.
A reversal of the judgment is asked for here, upon the ground that the' Circuit Judge erred in refusing a continuance of the trial of the case.
The suit was by Blakemore against Douglass,' upon two promissory notes dated the 10th of February, 1862, *565 •one payable one day after date, the other on the 1st of May thereafter.
• The affidavit for a continuance was made by the attorney of Douglass, and showed that he was not ready to proceed with the trial, because the defendant had been within the last few days taken ill, and was "unable to attend court, — living twelve or fifteen miles from Memphis. That he would have been present but for his illness, and had sent his wife to notify his attorney of his condition and to ask a continuance. That if present, he would prove that the consideration of the notes, or the greater part of it, was Confederate money, then at a discount of not less than fifty •cents on the dollar, and that he used the money at that discount.
The court refused a continuance upon this affidavit, upon the ground that the defendant had not been served with a subpoena to attend as a witness in the case.
We do not agree that this was a .good ground for the action of the Judge.
Where a continuance is asked for on account of the absence of a witness, the party is required to show that he has exercised reasonable diligence, and has had the witness summoned to attend; but we see no necessity of a party’s summoning himself to attend as a witness in his own behalf. This would be a very idle ceremony.
It has been held that a party’s attendance as a •witness cannot be taxed in the bill of costs.
We do not see that any rule could be made re *566 quiring such a proceeding as notice to the other party.
The law makes the party a competent witness, and he may be examined, no matter how he comes to be present at the trial.
The Judge seema to have assumed that the affidavit, in so far as it related to the evidence proposed to be made, was sufficient, and to have based his action upon the grounds stated.'
Although this court rarely interferes with the discretion of the circuit courts as to continuances, yet we think that this is a ‘ proper case to do so.
' Reverse the judgment.